UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.05-CV-20389-MARTINEZ/Bandstra

H&R BLOCK EASTERN
ENTERPRISES, INC.

    Plaintiff,

    v.

JTH TAX, INC., d/b/a LIBERTY TAX
SERVICE, ITORO ETUKS, NELSON
MALDONADO, S&R TAX LLC, AND
JOHN DOES 1-18

    Defendants.
_____/

## SECOND AMENDED COMPLAINT

Plaintiff H&R Block Eastern Enterprises, Inc. ("Block"), for its Second Amended Complaint, states and avers as follows:

### INTRODUCTION

1. This is a lawsuit seeking damages and injunctive relief for defendants' violation of Section 43(a) of the Lanham Act, 15 USC § 1125(a), violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. §§ 501.204 *et. seq*, and for common law unfair competition, tortious interference and breach of contract.

2. Block and defendant JTH Tax, Inc., d/b/a Liberty Tax Service ("Liberty") are competitors in the individual tax preparation business. Liberty presently operates more than 1,400 offices throughout the United States. Many if not most of these offices are operated by franchisees. Glenn Farinacci ("Farinacci") and Itoro Etuks ("Etuks") are two such franchisees.

Case No.05-CV-20389-Martinez/Bandstra

3. Liberty's stated goal is to surpass Block as the world's largest tax return preparer. Liberty was formed in 1996, and entered the U.S. market for tax preparation services in or about 1999. On information and belief, Liberty's sales grew from $1.2 million in 1998 to nearly $18 million in 2002. Liberty's total revenue grew from $28.4 million for year-end 2003 to $42.2 million for year-end 2004. Apart from its franchise fees, Liberty collected nearly $11.8 million in "royalties and advertising fees" alone in 2004.

4. Liberty encourages franchisees such as Farinacci and Etuks to aggressively court consumers through self-described "guerilla marketing" tactics. At the same time, Liberty does relatively little hands-on policing of these marketing activities, relying instead on the policing efforts of third parties known as Area Developers. Defendant Nelson Maldonado ("Maldonado")—through his company L.T.D. Ventures, Inc.—is the Area Developer for the area serviced by defendant Etuks's franchise. He is also a former District Manager for Block. S&R Tax, LLC ("S&R Tax") is the Area Developer for Farinacci's franchise.

5. Liberty portrays Area Developers as independent entities just like franchisees. This allows Liberty to maintain plausible deniability at the corporate level for the contents of advertisements run by franchisees in Florida and elsewhere even though such advertisements contain the Liberty name and trademarks. Yet, despite their purported "independent" status, Area Developers are clothed with the apparent authority of and are in fact controlled by Liberty. For example, Liberty:

    a. Provides substantial loans and financing to its area developers;

    b. Provides area developers with operations manuals prepared by Liberty, with which the area developers are expected to comply;

Case No.05-CV-20389-Martinez/Bandstra

    c.    Requires area developers to personally participate in training provided by Liberty;

    d.    Compensates area developers on the basis of the financial performance of the franchisees in their territory;

    e.    Obliges area developers to channel prospective franchisees to Liberty and to recommend them for approval;

    f.    Appoints the area developers to interact directly with franchisees on issues of day to day operations and support; and

    g.    Appoints the area developers who act as Liberty's "eyes and ears" in the field for purposes of learning about improper ads run by franchisees

6.    This arrangement, in the 2005 tax season, has resulted in multiple false and misleading advertisements. While acknowledging the advertisements excerpted herein are impropriate or "illegal," Liberty, on information and belief, has done little or nothing to identify all false advertisements that were run in 2005 or to ensure they are not run in future tax seasons. Liberty is required to undertake these efforts; the law imposes a duty on Liberty to exercise due diligence in ensuring that its registered trademarks and service marks are not used in connection with false or misleading advertisements. Liberty has breached that duty in the circumstances of this case.

7.    In short, Liberty and its franchisees have directly or indirectly engaged in false advertising and unfair competition. They must be enjoined from continuing such practices and (in the case of Liberty) from allowing such practices to continue.

Case No.05-CV-20389-Martinez/Bandstra

## THE PARTIES

8.   Plaintiff Block is a Missouri corporation with its principal office in Kansas City, Missouri. H&R Block tax preparation entities collectively are the largest provider of individual income tax preparation services in the United States.

9.   Defendant Liberty is a franchisor of multiple tax preparation services doing business as Liberty Tax Service. Liberty is a Delaware corporation with its principal offices in Virginia Beach, Virginia. Liberty is licensed to transact business in the State of Florida. Liberty operates in interstate commerce generally and, in particular, through and with regard to the actions and practices of its franchised offices in the State of Florida.

10.   Defendant Etuks is a franchisee of Liberty Tax Service. He became a franchisee of Liberty Tax Service pursuant to a Franchise Agreement dated December 27, 2004. The Franchise Agreement lists Etuks' address as 8520 S.W. 1st Street, Pembroke Pines, FL 33025.

11.   Defendant Maldonado is a Liberty employee and has been a Liberty employee since approximately August or September 2003. As a Liberty employee, Maldonado provides field support to Liberty franchisees located throughout the State of Florida, helping them to troubleshoot various operational issues associated with running a Liberty franchise. In addition, Maldonado—through his company, L.T.D. Ventures, Inc.—is an Area Developer for Liberty. He became an Area Developer effective September 10, 2004. His area includes the counties of Miami-Dade and Monroe, Florida. He is thus the Area Developer for the area serviced by Defendant Etuks' franchise. Prior to becoming an Area Developer for Liberty, Maldonado was a District Manager for Block for the "Miami South" district, which included Miami-Dade County,

4

LAW OFFICES LEGON PONCE & FODIMAN, P. A.
1111 BRICKELL AVENUE, SUITE 2150, MIAMI, FLORIDA 33131 • TEL. (305) 444-9991 • FAX (305) 444-9937

Case No.05-CV-20389-Martinez/Bandstra

Florida. Maldonado was a District Manager for Block from the latter part of 1992 through August 2003.

12.     S&R Tax LLC is a Florida limited liability company named for the purpose of ensuring the completeness of the court's power to issue appropriate equitable or legal relief as the facts and matters adduced during the course of these proceedings or at trial may warrant. It is believed that S&R Tax LLC was vested with apparent authority by Liberty to interact with Liberty's franchisees such that the Liberty franchisees' (Faranacci's) receipt of information and assurances from area developers is and was reasonably tantamount to receipt of information and assurances from Liberty.

13.     John Does 1-18 are as yet unknown and unnamed persons or entities engaged in the tax return preparation and electronic filing business. The John Doe defendants operate throughout the State of Florida with advertising and marketing materials that are, on information and belief, created, developed and distributed by Liberty. On information and belief, there are in excess of 70 such persons or entities transacting business throughout the State of Florida.

## JURISDICTION AND VENUE

14.     This action is based on Section 43(a) of the Lanham Act, 15 U.S.C. § 1125, corresponding Florida statutory law and the common and statutory law of unfair competition. This court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§1331 and 1338, for the claims arising under Section 43(a) of the Lanham Act. Supplemental jurisdiction over the state law claims exists under 28 USC § 1367.

15.     Venue is proper in this district under 28 USC § 1391.

Case No.05-CV-20389-Martinez/Bandstra

## ALLEGATIONS COMMON TO ALL COUNTS

### A. JTH'S ADVERTISING, MARKETING AND PROMOTIONAL CONDUCT IN RELATION TO ITS FRANCHISEES

16. Liberty requires its franchisees to utilize its trade names, service marks and trademarks as they are developed.

17. Liberty raises fees related to marketing through advertising fees paid to it under its franchise agreements.

18. Liberty contributes advertising fees from its company stores.

19. Liberty disburses advertising fees to develop, produce, distribute and/or conduct advertising programs, marketing programs, public relations, and marketing research.

20. Liberty spends advertising fees on a national, regional or local basis for television, electronic, radio and print advertising as it determines to be appropriate.

21. Liberty produces advertising in-house and/or through an advertising agency.

22. Liberty pays all costs of such activities, including a share of corporate overhead related to advertising and marketing, with advertising fees.

23. Liberty has a registered trade mark that appears as follows:

6

LAW OFFICES LEGON PONCE & FODIMAN, P.A.
1111 BRICKELL AVENUE, SUITE 2150, MIAMI, FLORIDA 33131 • TEL. (305) 444-9991 • FAX (305) 444-9937

Case No.05-CV-20389-Martinez/Bandstra



| | |
|---|---|
| Word Mark | LIBERTY TAX SERVICE |
| Goods and Services | IC 035. US 100 101 102. G & S: TAX PREPARATION SERVICES. FIRST USE: 19990108. FIRST USE IN COMMERCE: 19990108 |
| Mark Drawing Code | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| Design Search Code | 070908 |
| Serial Number | 76066158 |
| Filing Date | June 8, 2000 |
| Current Filing Basis | 1A |
| Original Filing Basis | 1A |
| Published for Opposition | March 27, 2001 |

24.  Liberty is required to exercise due diligence to ensure that advertisements containing this mark are neither false nor misleading.

## B.  ELECTRONIC FILING OF TAX RETURNS

25.  In the mid-1980's, the Internal Revenue Service ("IRS") commenced an "electronic filing" program through which taxpayers could file their individual federal income tax returns by computer. Taxpayers who meet certain eligibility requirements are typically able to obtain their refunds through electronic filing within approximately two or three weeks rather than the longer wait associated with filing by mail.

26.  To obtain electronic filing, the taxpayer must seek the services of an IRS-approved electronic return originator ("ERO"), who is permitted to charge clients a fee for this service. Block offers this electronic filing, as do certain of its competitors, including defendants.

27.  Under no circumstances can a taxpayer receive a refund from the IRS in 24 or 48 hours or "instantly."

UNITED STATES DISTRICT COURT SOUTHERN
DISTRICT OF FLORIDA

## CASE NO. 05-20389-CIV-MARTINEZ

ATTACHMENT TO DOCKET ENTRY: 121
NOT SCANNED

- ☐ VOLUMINOUS (exceeds 999 pages = 4 inches)
- ☐ BOUND EXTRADITION PAPERS
- ☐ ADMINISTRATIVE RECORD (Social Security)
- ☐ STATE COURT RECORD (Habeas Cases)
- ☐ SOUTHERN DISTRICT TRANSCRIPTS
- ☐ LEGAL SIZE
- ☐ DOUBLE SIDED/BOUND
- ☑ PHOTOGRAPHS
- ☐ POOR QUALITY (i.e. hand written, legal size, light print, etc.)
- ☐ SURETY BOND (original or letter of undertaking)

**PLEASE REFER TO COURT FILE**